Argued September 9; reversed October 24, 1930; rehearing denied January 29, 1931

## KIERNAN *v.* NORBLAD, Governor, et al.

(292 P. 821, 295 P. 461)

*Roscoe C. Nelson,* of Portland (Dey, Hampson & Nelson, of Portland, on the brief) for appellant.

*Willis S. Moore* and *Miles H. McKey,* Assistant Attorneys General (I. H. Van Winkle, Attorney General, on the brief), for respondents.

ROSSMAN, J. The plaintiff is a resident of this state and is the owner of shares of stock in private corporations, bonds, and notes from the earnings of which he received in the year 1929 gross income in excess of $5,000. In the same year he borrowed money with which to purchase similar intangible property upon which he paid interest amounting to more than $3,000. The defendants are the Governor of the state, the Attorney General and the Tax Commissioners. The complaint alleges that the defendants are threatening to enforce General Laws of Oregon, 1929, chap-

ter 429, which imposes a tax of 5 per cent upon the gross income received by residents of this state from intangible property. It alleges a conflict between this act and the portion of the XIV amendment to the federal constitution which guarantees the equal protection of the law, and with § 32 of art. I, § 1 of art IX and § 1 of art. XIV of the Oregon Constitution. The complaint prays that chapter 429 be declared invalid and that the court restrain its enforcement. The defendants filed a demurrer upon the ground that the complaint does not state facts sufficient to allege a cause of suit. The demurrer was sustained and subsequently the complaint was dismissed. The plaintiff has appealed.

The situation brought before this court by this suit in all essential particulars is similar to that in *Redfield et al. v. Fisher,* this day decided by us [*ante* p. 180] except that our present plaintiff is not a dealer in securities and hence is not subjected to competition in business by corporations freed from the tax imposed by chapter 429. It is evident from the result announced in *Redfield et al. v. Fisher, supra,* that chapter 429 is in conflict with the provisions of the fourteenth amendment to the federal constitution which guarantees the equal protection of the law. It follows that the complaint states a cause of suit and that the plaintiff is entitled to the relief for which he prays. The decree of the circuit court will be reversed and the cause will be remanded to that court with instructions to grant to the plaintiff appropriate relief.

KELLY, J., did not participate in this decision.